(108 App. Div. 234.)

## PEOPLE v. GILHOOLEY et al.

(Supreme Court, Appellate Division, First Department.  November 10, 1905.)

1. PERJURY—SUBORNATION OF PERJURY—CORROBORATIVE EVIDENCE—QUESTION
FOR JURY.
   Where, on a trial for subornation of perjury, a married woman
testified that defendant procured her to commit perjury, and her hus-
band testified that, while he knew that his wife was being urged by
defendant to testify falsely, he advised her not to do so, and believed
that she would do what he told her, the question whether the husband
was an accomplice, or whether his testimony was corroborative of the
wife's evidence, essential to a conviction, under Code Cr. Proc. § 399,
was for the jury.

2. CRIMINAL LAW—TRIAL—DEPOSITION OF WITNESS AT PRELIMINARY HEARING—
ADMISSIBILITY.
   It appeared that accused at his preliminary examination was in-
formed of his right to procure counsel, that he elected to proceed with-
out counsel, that a witness was examined before the magistrate, and
accused had the right to examine him. This witness could not be found
at the time of the trial. The charge on which accused was tried was
the same as that made before the magistrate. *Held*, that the deposition
of the witness was admissible on the trial, under the express provisions
of Code Cr. Proc. § 8, subd. 3.

3. SAME—OBJECTION TO DEPOSITION—SCOPE OF OBJECTION.
   An objection to the admissibility in evidence on a trial for crime of
the deposition of a witness at the preliminary examination, based on
the ground that accused had not had an opportunity to cross-examine
the witness, raises no objection to any question or answer in the
deposition.

Appeal from Court of General Sessions, New York County.

William Gilhooley, impleaded with Leona Gray, was convicted of
subornation of perjury, and he appeals.  Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTER-
SON, INGRAHAM, and LAUGHLIN. JJ.

Thomas Kelby, for appellant.

Edward Sandford, for the People.

McLAUGHLIN, J.  The appellant was indicted for subornation
of perjury in procuring one Kitty Wilson to swear falsely upon
habeas corpus proceedings instituted by one May Williams, known
under various aliases and held for extradition to the state of Illinois.
Kitty Wilson was sworn as a witness in behalf of the people, and
testified that the appellant procured her to commit the perjury
which she did in the habeas corpus proceedings.  Substantially two
errors are alleged; one being that Kitty Wilson was not corroborat-
ed to such an extent as is demanded by section 399 of the Code of
Criminal Procedure, providing that evidence of an accomplice must
be corroborated by such other evidence as tends to connect the de-
fendant with the commission of the crime, and the other that error
was committed in permitting the learned district attorney to intro-
duce in evidence the deposition of one Minnie Seymour (the people
being unable to produce her as a witness upon the trial), taken upon
a preliminary examination before a magistrate upon the arrest of
the appellant.

With respect to the first alleged error, I am of the opinion that the testimony of the witnesses produced by the people fully corroborated that of the accomplice and was sufficient to justify the finding that the appellant was guilty of the crime for which he was tried. It is urged that the alleged husband of Kitty Wilson was also an accomplice, and for that reason the testimony given by him could not, in any sense, be used to corroborate hers. He testified that, while he knew his wife was being urged by the appellant to testify falsely, he advised her not to do so, and believed she would do what he told her. The jury had a right to credit his testimony in that respect, as well as in others, if they saw fit.

As to the other alleged error, the appellant was arrested and brought before a magistrate without a warrant. From what took place on that occasion he appears to have been quite undisturbed. He desired that his codefendant and himself be committed on entering the plea of not guilty. He was informed by the magistrate that sworn testimony was necessary, so that a warrant might issue, and he was advised that on giving such testimony he had a right to have counsel. He said he wished the aid of counsel, and the magistrate informed him he had time to send for one, and it was his (the magistrate's) duty under the law to procure him counsel, if he would designate some attorney he desired. Thereupon the appellant asked if, in case of an examination at once, he could be committed to jail and procure bail afterwards, and he was informed that could be done. The magistrate then entered upon his minutes that, the appellant failing to request the court to send for an attorney, the examination was proceeded with, and the witness Minnie Seymour was sworn and examined by question and answer in the presence of the appellant, and she signed her testimony. Kitty Wilson was also examined before the magistrate, and the record shows the appellant himself cross-examined her; but no cross-examination seems to have been made by him of the witness Seymour. The record also shows that there was some controversy with respect to an attorney by the name of Brande, who happened to be in the courtroom at the time the examination was held, appearing for the appellant. A representative of the district attorney's office insisted that it would be improper for him to do so, in view of the fact that he was a member of the firm which appeared for the Williams woman on the habeas corpus proceedings and was under subpœna by the people to appear and testify before the magistrate in the matter then being examined.

Irrespective of what may be said as to this controversy, there is nothing in the record to show that the appellant was deprived of procuring the aid of counsel. On the contrary, it does appear that he had an opportunity to procure one, and that he elected to have the examination proceed in the absence of counsel, so that a warrant might issue, to which he could plead not guilty, be committed, and procure bail speedily. It was proved to the satisfaction of the trial court that the witness Seymour could not be found within the state, so as to be produced as a witness on the trial. The same charge up-

on which the appellant was tried was made against him before the magistrate, and a preliminary examination was regularly had. The deposition of the witness there taken was taken in the presence of the appellant, and he had an opportunity to examine her. Her deposition, therefore, was admissible in evidence upon the trial under the provisions of subdivision 3, § 8, of the Code of Criminal Procedure. Permitting such evidence to be introduced is not a violation of the constitutional rights of one on trial for the commission of crime. People v. Fish, 125 N. Y. 136, 26 N. E. 319. It is sufficient if one accused of having committed a crime has been once confronted by the witnesses against him in any stage of the proceedings upon the same accusation, and has had an opportunity of a cross-examination by himself or by counsel in his behalf. People v. Penhollow, 42 Hun, 103.

It is also suggested that a portion of the deposition was incompetent. The answer to the suggestion is that appellant's counsel made no specific objection when it was offered, except to point out certain interlineations which are claimed to be not a part of the deposition, but which were shown, by proof, to have been such. If any question or answer contained in the deposition were improper, the appellant could have called the court's attention to it by specific objection and have taken exception to any adverse ruling. Instead, he contented himself with the broad objection that the defendant had not had an opportunity to cross-examine the witness. It appearing to the contrary, the court properly overruled the objection.

After a careful examination of the record, I find no errors which call for a reversal of the judgment. The appellant had a fair trial, the evidence fully sustains the findings of the jury, and the judgment and order appealed from, therefore, should be affirmed. All concur.