PEOPLE *v.* JOHNSTON.

1. CRIMINAL LAW—PEOPLE'S APPEAL—QUESTIONS REVIEWABLE.
   Question of whether or not testimony of witnesses, now deceased, who testified at former trial of defendant on conspiracy charge, may be introduced in prosecution for bribery *held,* properly reviewable by Supreme Court on people's appeal, where defendant, in his brief, has argued the matter on the merits, notwithstanding absence of a formal order of trial court ruling such testimony inadmissible.

2. SAME—CONFRONTATION OF WITNESSES.
   The defendant in a criminal prosecution is entitled to be confronted with the witnesses against him (Const 1908, art 2, § 19).

3. SAME—CONFRONTATION OF WITNESSES—CROSS-EXAMINATION OF ABSENT WITNESS—PENDING CAUSE.
   The constitutional right of a defendant in a criminal prosecution to be confronted with the witnesses against him is satisfied in the event of proper showing of inability to produce the witness on the trial where defendant has been given the opportunity to cross-examine such witness either on a former trial or on the preliminary examination in the cause, it being necessary that defendant be confronted with the witness at some stage of the pending cause.

---

REFERENCES FOR POINTS IN HEADNOTES
[2–4] 14 Am Jur, Criminal Law, §§ 176, 178, 187.
[3] 20 Am Jur, Evidence, § 689.
[4] 20 Am Jur, Evidence, §§ 686, 690, 692.
[5–7, 10] 20 Am Jur, Evidence, §§ 309–318.
[5–7, 10] Admissibility in criminal prosecution of evidence to prove other crime as affected by degree or sufficiency of the evidence. 3 ALR 784.

4. Same—Confrontation of Witnesses—Pending Cause—Conspiracy—Bribery.

> The testimony of witnesses in a prosecution for conspiracy is not admissible in subsequent trial of one of the defendants in a prosecution for bribery upon a showing of inability to produce such witness, since the defendant has not been confronted with such witnesses in the pending cause (Const 1908, art 2, § 19; CL 1948, § 750.118).

5. Same—Other Offenses—Intent—Motive—Evidence.

> Evidence tending to show the commission of other offenses is admissible if it tends to show intent, motive, system, method, course of conduct, a plan or scheme to commit a series of crimes, including the one on trial, or the intimate and apparently confidential relations between the informer and the accused (CL 1948, § 768.27).

6. Same—Bribery—Bill of Particulars—Intent—Evidence of Other Offenses.

> It was error to strike bill of particulars whereunder it was proposed to introduce in evidence in prosecution of former prosecuting attorney for bribery, not only evidence of the particular bribe alleged in the information but also evidence of other bribes not to enforce the law during the 4 years defendant held such office, since evidence of other bribes was admissible under the statute in order to show intent, plan or course of conduct of which the particular bribe was a part (CL 1948, § 768.27).

7. Same—Bribery—Plan or System—Other Offenses—Evidence.

> Fact that one accused of bribery was tried and acquitted of the offense of criminal conspiracy of which evidence is sought to be introduced does not preclude reception of such evidence if it tends to show general plan or system of the bribe or illustrates accused's acts in the transaction on trial, or throws light on the latter evidence, and, since he is not on trial for the offense charged against him in the prior case, the doctrine of *res judicata* would not apply (CL 1948, §§ 750.-118, 768.27).

8. Same—Effect of Acquittal.

> An acquittal on a charge of crime merely exempts the defendant from punishment and another prosecution but does not necessarily show that he was innocent.

9. BRIBERY—PUBLIC OFFICERS—INTENT—COURSE OF CONDUCT—EVI-
DENCE.

The crime of acceptance of a bribe by a public officer under an
agreement that his opinion shall be given in any particular
manner involves a specific intent but it is not of such a
nature that the intent which the jury must find established
beyond a reasonable doubt need be inferred only from the
mere fact that on a certain occasion payment of money was
made to the accused and accepted by him since it may in-
volve reference to a definite and continued course of conduct,
plan or system, of which it is a part (CL 1948, §§ 750.118,
768.27).

10. SAME—INTENT—EVIDENCE—COURSE OF CONDUCT.

Corrupt intent involved in the receiving and acceptance of a
bribe by a public officer to influence him in connection with
the performance of his duties may be established by proof
of the specific payment on which the indictment or informa-
tion is based, supplemented by testimony of other like acts
showing intent, continued course of conduct, plan or system
of which the particular act was a part and showing the
establishment of the system and method of operation there-
under (CL 1948, §§ 750.118, 768.27).

Appeal from Macomb; Simpson (John), J., pre-
siding. Submitted June 6, 1950. (Docket No. 82,
Calendar No. 44,805.) Decided June 27, 1950.

Ivan A. Johnston was charged with bribery. Be-
fore trial the trial court struck names of certain wit-
nesses from information and bill of particulars from
record. People appeal. Affirmed in part, reversed
in part.

*Stephen J. Roth,* Attorney General, *Graydon G.
Withey,* Deputy Attorney General, *Edmund E. Shep-
herd,* Solicitor General, *Harry W. Jackson,* Assist-
ant Attorney General, and *Edward A. Jacob,* Special
Assistant Attorney General, for the people.

*James E. Haggerty,* for defendant.

Carr, J. The matters here involved arise out of a prosecution pending against defendant in the circuit court of Macomb county on a charge of having violated CL 1948, § 750.118 (Stat Ann § 28.313). Said section reads as follows:

"Any executive, legislative or judicial officer who shall corruptly accept any gift or gratuity, or any promise to make any gift, or to do any act beneficial to such officer, under an agreement, or with an understanding that his vote, opinion or judgment shall be given in any particular manner, or upon a particular side of any question, cause or proceeding, which is or may be by law brought before him in his official capacity, or that in such capacity, he shall make any particular nomination or appointment, shall forfeit his office, and be forever disqualified to hold any public office, trust or appointment under the Constitution or laws of this State, and shall be guilty of a felony, punishable by imprisonment in the State prison not more than 10 years, or by fine of not more than 5,000 dollars."

The information filed in the case alleges that on or about the 15th day of September, 1942, the defendant was the duly elected and qualified prosecuting attorney of Macomb county, and that he accepted a specified sum of money from one Arthur Sauve under an agreement and understanding that "his judgment and decision would be given in favor of allowing illegal gambling to operate in said county." It was further alleged that it was the duty of defendant in his official capacity to prosecute violators of the laws against gambling. A second count in the information was stricken on the order of the trial judge, and is not involved in this proceeding.

On the opening of the trial in circuit court certain issues were raised before the trial judge. Claiming that the disposition thereof was erroneous, the attorney general has sought and obtained leave to

appeal. The questions referred to involved (1) a motion to strike from the information the names of certain witnesses indorsed by the prosecuting attorney, and (2) an order of the trial judge, made on defendant's motion, striking from the record a bill of particulars filed by the people.

It is conceded that all of the witnesses, 3 in number, whose names defendant sought to have stricken are deceased. The record indicates that the prosecutor indorsed them on the information in order to permit the people to offer on the trial of the pending case the testimony given by these witnesses in a prior prosecution of defendant under an information charging criminal conspiracy. The trial judge did not enter a formal order on the motion but indicated, in the following language, the position taken by him:

"I will decline to allow you to add their names or read their testimony because it is my opinion that you are running squarely into the constitutional proposition that in a criminal case the defendant must be confronted with his witnesses.    *    *    *

"They are on the information. So we will understand what the situation would be when the time comes to call the names, you will just simply say you can't produce them, they are dead.    *    *    *

"If they can't be produced, that's all there is to it."

On behalf of the people it is claimed that the court ruled in effect that the testimony is inadmissible. Defendant, although suggesting that the absence of a formal order precludes review by this Court, argues in his brief the merits of the issue. Without reference to the technical aspects of the situation, we think the matter is one on which this Court may properly pass in view of the situation that is presented to us on the record.

Under article 2, § 19, of the State Constitution (1908), the defendant in a criminal prosecution is entitled "to be confronted with the witnesses against

him." On behalf of defendant it is urged that the admission of the testimony in question would violate the constitutional guaranty. CL 1948, § 768.26 (Stat Ann § 28.1049) provides that:

"Testimony taken at an examination, preliminary hearing, or at a former trial of the case, or taken by deposition at the instance of the defendant, may be used by the prosecution whenever the witness giving such testimony can not, for any reason, be produced at the trial, or whenever the witness has, since giving such testimony become insane or otherwise mentally incapacitated to testify."

The language of the statute must, of course, be construed to accord with the provision of the Constitution above quoted. It will be noted that it contains no reference to testimony taken in any case other than the pending prosecution. This Court has repeatedly pointed out in prior decisions that when the defendant, on a former trial or on the preliminary examination in the cause, had been given the opportunity to cross-examine, the constitutional requirement was satisfied, and the testimony was admissible on proper showing of inability to produce the witness on the trial. See *People* v. *Hunley,* 313 Mich 688, and prior decisions there cited.

In several decisions language has been used indicating that, in order to render such testimony competent, defendant must have been confronted with the witness *at some stage of the pending case.* Thus in *People* v. *Schepps,* 217 Mich 406, 414 (21 ALR 658), the Court, in holding admissible the testimony given by a witness on the preliminary examination in the case, the witness having disappeared, said in part:

"In this very case, upon the same issue at the preliminary hearing, defendant was confronted by the witness and by his counsel availed himself of the opportunity for full cross-examination."

The following statement in 10 RCL, p 968, was quoted with approval:

"The prevailing view is that the right of confrontation is satisfied, in cases of necessity, if the accused has been once confronted by the witness against him in any stage of the proceedings upon the same accusation, and has had an opportunity of a cross-examination, by himself or by counsel, in his behalf."

Of like import is *People* v. *DeWitt,* 233 Mich 222, in which it was held that testimony taken at a coroner's inquest was not competent in a subsequent criminal prosecution.  See, also, *People* v. *Moore,* 306 Mich 29.

In *Shaw* v. *United States* (CCA), 1 F2d 199, testimony of a witness given at a trial on an indictment subsequently held defective was offered in evidence on a second trial under a new indictment for the offense, and was received, it being made to appear that the witness was deceased.  Defendant objected to the competency of the testimony on the ground that it had not been taken in the same case.  In holding that the objection was not well taken, the circuit court of appeals of the eighth circuit discussed the legal proposition involved with reference to the right of confrontation of witnesses in a criminal case as declared in the sixth amendment to the Federal Constitution, saying in part:

"The former indictment was held to be defective, and a new indictment was returned.  The case was the same and between the same parties; the charges in both indictments were that defendant had made false entries in the books, and had embezzled certain moneys, of the Citizens' National Bank of Hot Springs, Ark.  In short, though the first indictment was bad and a new one had to be procured, it was yet the same case.  The mere fact, for example, that in a given civil case a petition may be held bad on demurrer, or held bad by an appellate court, or upon

motion in arrest, and require amendment, does not mean that, when amended, the case becomes a wholly different case. The difference merely lies, as between a civil case and a criminal case, in the manner in which the amendment must be made. In a civil case it may be amended by the plaintiff *sua sponte;* but in a criminal felony the amendment must be made by procuring the return of a good indictment, by a grand jury. In case of a misdemeanor the similarity is seen to be even more apposite, because the district attorney may file an amended information without recourse to a grand jury. So much is said only upon the contention that the necessity of procuring a new and good indictment had the effect to change the cause of action; for it is yet held in mind that the rule of confrontation does not apply to a civil case, but does apply to a criminal prosecution. If it be, then, as we hold it is, the same case, as it obviously is upon the same charge and between the same parties, the court committed no error in admitting the former testimony of the deceased witness. The courts hold that such testimony is admissible upon a second criminal trial *upon the same accusation* (*People* v. *Gilhooley,* 108 App Div 234 [95 NYS 636]), *on the same issue and between the same parties* (*Vaughan* v. *State,* 58 Ark 353, 370 [24 SW 885]; *State* v. *De Witt,* 2 Hill (SC) 282 [27 Am Dec 371]), *where the same issues are involved* (*Thompson* v. *State,* 106 Ala 67 [17 So 512]), *and upon a trial of the same case* (*Mattox* v. *United States,* 156 US 237 [15 S Ct 337, 39 L ed 409]). All of the required unities, then, being present, the point is not well taken."

In the case at bar the situation is not analogous to that in the *Shaw Case* or in any of the other cases cited in which the testimony in issue was held competent. We have here separate prosecutions for distinct offenses. While the information in the prior case is not included in the record before us, it may be assumed that the primary question involved con-

cerned the existence of a conspiracy to which the defendant was a party. In the present prosecution he is charged with having accepted a bribe in violation of the provisions of the statute above quoted. Obviously the cases are not identical and any possible theory that the testimony was, in effect, received in the pending case is precluded. Under the pertinent constitutional and statutory provisions, and the decisions of this Court thereunder, the testimony of the three witnesses in controversy is incompetent. The trial judge came to the correct conclusion.

This brings us to a consideration of the second matter involved in this proceeding, namely, whether the trial judge was correct in striking out the bill of particulars filed by the prosecuting attorney. The record indicates that counsel for defendant orally requested a bill of particulars and that the action of the prosecutor was based thereon. Apparently he considered it his duty to indicate the general character and scope of the testimony that he purposed to introduce. To that end the bill of particulars, which was addressed to the attorney for defendant, was phrased as follows:

"Please take notice that the following is a bill of particulars of the acts relied upon and claimed to constitute the crime of bribery charged in the information heretofore filed in this cause.

"That is to say the prosecution will offer evidence to show that Ivan A. Johnston, the prosecuting attorney of Macomb county between January 1, 1939 and January 1, 1943, did take various sums of money as bribes not to enforce the law against gambling and the operation of bawdy houses and specifically that one of those bribes was paid by one Arthur P. Sauve to Ivan A. Johnston on or about September 15, A.D. 1942."

Thereafter an amendment to the bill of particulars was filed containing the names and addresses of the people's witnesses. As before noted, defendant's motion to strike was granted by the trial judge, who indicated his conclusion as to the scope of the issue to be tried in the cause in the following statement:

"It is going to be, did he accept from Arthur Sauve $100 on or about the 15th of September of 1942, that's what the issue is going to be and it is going to be confined to that proposition.

"As to the bill of particulars, I will grant the motion to strike it out at the present time, and we will govern ourselves by the information as filed, charging the direct charge of bribery between Arthur Sauve and Ivan Johnston on or about the 15th of September of 1942."

Subsequently the discussion of the motion to strike was reopened and the prosecuting attorney made a somewhat detailed statement with reference to the proofs that he desired to offer in support of the charge of accepting a bribe. Such statement, which may be regarded as explanatory of the bill of particulars, indicated that the people would endeavor to show the payment to defendant alleged in the information, and also other payments from Sauve during the years 1939, 1940, 1941, and 1942, for the unlawful purpose specified in the statute, that during said time the defendant was prosecuting attorney of the county, and that Sauve operated gambling machines without being prosecuted therefor. The prosecutor also indicated that he would seek to establish by competent proof an agreement made by defendant in 1938 with an attorney, who became chief assistant prosecutor during the time that defendant held that office, for a division of moneys received by them from persons engaged in gambling and in the operation of houses of prostitution during defendant's term as prosecutor, and that during the

time he held said office defendant received bribes, in violation of the statute, from parties other than Sauve. Following the statement and explanation made by the prosecutor, the trial judge reiterated his prior ruling, saying in part:

"Well, as I stated this morning, there is one issue here and that is, this man is charged with accepting a bribe from Arthur Sauve on the 15th of September of '42 and it is my understanding under the law, that your evidence must be pertaining to and relate at or about that time."

It is the claim of the prosecution that testimony of the character referred to in the bill of particulars is admissible in the case for the purpose of showing the intent and design of the defendant, and the plan and system pursuant to which the alleged bribe charged to have been made on the 15th of September, 1942, was received and accepted by him. Reliance is placed on CL 1948, § 768.27 (Stat Ann § 28.1050) which provides that:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on 'his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

The purpose of the legislature in the enactment of the foregoing provision in the code of criminal procedure was considered in *People* v. *Hopper,* 274 Mich 418. There the prosecution was based on the alleged embezzlement of a specific sum of money on a certain date. Proof as to other transactions of like

nature was offered and received over objection.  In sustaining the conviction it was said:

"The court did not err in permitting testimony to be introduced in reference to other 'intent' transactions. Such testimony is in accordance with the provisions of CL 1929, § 17320.* *People* v. *Armstrong,* 256 Mich 191; *People* v. *Dixon,* 259 Mich 229, and *People* v. *Kolowich,* 262 Mich 137, and see other authorities therein cited.

"The purpose and object of the statute 'was to do away with the rule as to proof of other offenses and permit the introduction of such testimony even though it might show or tend to show the commission of another prior or subsequent offense by the defendant.' *People* v. *Rose,* 268 Mich 529, 536."

Prior decisions of this Court recognize the proposition that intent is an essential element of the statutory crime of bribery of a public officer, and also of the acceptance of such a bribe. In *People* v. *Frye,* 248 Mich 678, it was specifically pointed out that, under the statutory provisions involved, the making of the bribe and the receipt thereof are separate offenses. Commenting on the matter of intent, it was said:

"Personal, not joint, corrupt intent is an element of each offense."

Likewise, in *People* v. *Vinokurow,* 322 Mich 26, in sustaining a conviction for bribery, it was said:

"Defendants maintain that not only did the people fail to prove any of the elements of the crime, a contention which may be dismissed without further discussion, but that they particularly failed to prove the existence of the necessary intent required by the statute. The statute sets out the required intent in this manner: 'The intent or purpose of which is to influence the act, vote, opinion, decision or judg-

---

* This is CL 1948, § 768.27 quoted above.—Reporter.

ment of such public officer.' It is immaterial that Taylor was not at home on this occasion. It is also immaterial that he was not later contacted. If the jury believed that the liquor was left at his home for the purpose of influencing his 'act, * * * opinion * * * or judgment,' that would be sufficient. But it is argued that there is no testimony to the effect that the liquor was left at the Taylor home for such a purpose. It is not necessary that there be direct testimony as to the intent required in the statute. If such were the case it would be almost a rarity when a conviction could be obtained under this kind of statute. For it is not the ordinary instance when one, about to set out to accomplish the crime charged in such a case as this, will advertise and make known their intent. As is often the case, here the only people who actually had knowledge of what the defendants' intent was were the defendants themselves. The law should not be so construed as to make defendants in such cases conviction proof."

In *People* v. *Hoffman,* 142 Mich 531, the defendant, a public officer, was charged with obtaining money by false pretenses. The information filed against him alleged a particular transaction occurring on a specified date. On the trial of the case the prosecution offered proof of approximately 40 other transactions of like character. In holding that the receiving of the proof was not error, it was said (p 555):

"The fact which distinguishes the case at bar from some of those cited in the briefs is the one that the acts of respondent were proper acts. The presentation to the auditor general of an itemized account with certificates attached is the proper method of rendering a proper account against the State. No number of repetitions of the act, within a reasonable number, would import bad faith in a particular case. But where it is proved that an account, regular and proper in form, is false in fact, not only as to the party to whom made out and presented, but in amount, and that the responsible person profited by

reason of the false representations, and it is further proved that the same person had theretofore profited repeatedly by the same false means, there is established, in fact, basis for the inference of guilty knowledge and intent in the particular case. Is there any legal objection to evidence which is in fact so convincing?"

In *People* v. *Rice,* 206 Mich 644, the Court discussed at some length the admissibility of testimony, in a prosecution for an offense involving a corrupt intent, for the purpose of showing such intent and the system or plan pursuant to which the offense charged is claimed to have been committed. Prior decisions of this Court and also cases from other States were cited in support of the general rule that such testimony is competent for the purpose indicated. The Court also quoted from 1 Wharton on Criminal Evidence (10th ed), § 39, as follows:

"When the object is to show system, subsequent as well as prior collateral offenses can be put in evidence, and from such system identity or intent can often be shown. The ·question is one of induction, and the larger the number of consistent facts, the more complete the induction is. The time of the collateral facts is immaterial, provided they are close enough together to indicate that they are a part of the system. In order to prove purpose and design, evidence of system is relevant; and in order to prove system, collateral and isolated offenses are admissible from which system may be inferred. Or, where crimes are so mutually connected or interdependent that the proof of one is not coherent without evidence of the other. But to be admissible as relevant under system, the collateral, extraneous, or independent offense must be one that forms a link in the chain of circumstances and is directly connected with the charge on trial."

The general rule on the subject is stated in 22 CJS, p 1118, in the following language:

"Similarly, evidence tending to show the commission of other offenses is admissible if it tends to show motive, system, method, or course of conduct, a plan or scheme to commit a series of crimes including the one on trial, or the intimate and apparently confidential relations between the informer and accused. On the other hand, evidence of other offenses which does not tend to prove the bribery charge should be excluded.

"The fact that accused was tried and acquitted of the other offense does not bar the introduction of evidence thereof in a prosecution for bribery where such evidence shows the general plan or system of the bribe, or illustrates accused's acts in the transaction on trial, or throws light on the later evidence."

In the instant case it is suggested that the doctrine of *res judicata* should be applied to preclude the introduction of testimony offered and received in the prosecution for conspiracy. The language of the second paragraph of the above quotation from CJS is directly in point on this issue. Defendant is not on trial for the offense charged against him in the prior case. The question presently at issue is whether, as charged by the prosecution, he accepted a bribe in violation of the statute on which the information is based. Testimony tending legitimately to establish such offense, or some element thereof, may not be excluded solely on the ground that it was offered and received in the prior case as bearing on defendant's guilt of the offense there charged.

In *Koenigstein* v. *State*, 101 Neb 229 (162 NW 879), the defendant was prosecuted for accepting a bribe while acting as county attorney. He had previously been tried and acquitted on a like charge. Testimony concerning the alleged offense involved in the first case was offered and received over the objection that it was inadmissible because the determination of the first case in favor of the accused was conclusive on the issue there involved, and that the

defendant could not be again put in jeopardy on the charge of which he had been acquitted. In rejecting the claim that the testimony was incompetent for the reason alleged, the court said in part (p 238):

"But in the present trial the defendant is not put in jeopardy of conviction of receiving bribes from Fern McDonald. The payment by her is not an element of the crime for which he is now tried. That evidence could not be omitted in proving the general plan and design under which the money was received from Nannie Meyers, and so far as such evidence is allowed it is only for the purpose of strengthening the evidence of the substantial charge now being tried. The trial jury is not to be controlled by the consideration of what any other jury has or might have done upon the same state of facts. They are not expected to base their opinion of the weight of evidence upon the opinions of other men. Under the holding of Parker, C. J., above quoted, this evidence would not be excluded in the application of res judicata in civil cases. At all events it seems that receipt of such evidence cannot be said to put the defendant in jeopardy the second time for the same offense. We think the evidence of the receipt of bribes from Fern McDonald, tending as it does to prove the general system or plan of defendant, was competent. The fact that defendant was acquitted of that crime in the former trial is not to be considered as res judicata in this trial. While the forming of the plan and purpose of exacting money in the nature of bribes from all of the disorderly houses of the town and vicinity would not of itself constitute a crime defined in our law and subject to punishment, the act of accepting a bribe being the substance of the crime so defined, yet the fact of forming and attempting to execute such a general plan would, if proved, strongly support the evidence of the definite crime charged. The State attempted to prove more payments of that nature by the witness Fern McDonald than by any other person. It appears also that in the former trial the State at-

tempted to prove the same corrupt plan and purpose as was made so prominent a feature in the trial of the case at bar. While this general plan was not an element of the crime charged, and the result of the trial did not necessarily depend upon the existence or nonexistence of such plan and purpose, still it was a question of fact in evidence in both trials, and a very important one. Without this evidence it may well be doubted whether the defendant would have been convicted in the case at bar."

Of like import is *Taylor* v. *State,* 174 Ga 52 (162 SE 504). There the defendant, who was the clerk of the council of the city of Atlanta, was charged with receiving a bribe made for the purpose of influencing him in the performance of his official acts. Testimony relating to transactions other than that alleged in the indictment was offered and received. In holding that objections interposed to such testimony were properly overruled, the court pointed out that the proof was relevant as tending to show intent and system and "to illustrate the methods and conduct of the defendant in reference to the particular acts of bribery for which he was on trial." With reference to the claim that testimony relating to an alleged offense, for which defendant had been previously tried and acquitted, was erroneously received, it was said (p 67):

"Nor is the contention sound that this evidence should have been ruled out because it relates to other alleged offenses for which this defendant had been previously tried and acquitted. While the defendant had been tried and acquitted of previous alleged offenses, and the verdict of not guilty may have indicated that there was not sufficient evidence to convince the jury beyond a reasonable doubt of his guilt, still that acquittal would not necessarily exclude the evidence, because that evidence may tend to illustrate the acts of the defendant as shown in the transaction for which he is now on trial, and may

be considered in connection with the later evidence, and may throw a flood of light on this later evidence, though of itself insufficient to authorize a verdict of guilty. In *Lee* v. *State*, 8 Ga App 413 (69 SE 310), it was said: 'While the general rule is that proof of other crimes committed by the defendant is not admissible in a criminal prosecution, still the general rule has many general exceptions. * * * Though the defendant may have been tried for violating the law as to one or more of these transactions with other patients, and acquitted, the State may nevertheless prove the facts connected with them, for the purpose of illustrating the defendant's state of mind as to the transaction at bar.' In 1 Wharton's Criminal Evidence, 195, § 48, it is said: 'The question has been raised in criminal trials whether a previous indictment for, or acquittal or conviction of, the other crime, has any effect upon the admissibility of the evidence of such other crime. It may be safely stated that the almost universal judgment is that neither of these circumstances will operate to the rejection of such evidence. * * * It has been sometimes strenuously urged that, while an indictment or a conviction might be admissible, yet where the fact is that the accused has been acquitted of the crime sought to be used as evidence, that fact should render it inadmissible, as to receive it would be to put the accused again in jeopardy and would also contravene the record. But the courts which have spoken upon the subject have all said, in substance, that he could not be put in jeopardy of a crime of which he had been acquitted, but that he was in jeopardy of the crime for which he was being tried; and that evidence of the transactions which had resulted in his acquittal was admissible if competent to show a fact material to the issue being tried.' The author in a note cites quite a number of cases which is not necessary to set out here. And in Underhill's Criminal Evidence (3d ed), § 629, it is said: 'The acquittal merely exempts him [the defendant] from punishment and from another prosecution. It

does not necessarily show that he was innocent.' The jury were properly instructed in this case that the defendant could be convicted only of the offense specified and set forth in the indictment upon which he was then on trial, and this caution to the jury was repeated."

The offense charged against defendant in the instant case involves a specific intent. As defined by the statute, however, it is not of such nature that the intent, which the jury must find established by the evidence beyond a reasonable doubt in order to convict, may be inferred from the mere fact that on a certain occasion payment of money was made to the accused and accepted by him. In a case of this character it may not be possible to interpret and properly characterize the specific act involved except by reference to a definite and continued course of conduct, plan or system, of which it is a part. As said in *People* v. *Vinokurow, supra,* "The law should not be so construed as to make defendants in such cases conviction proof."

The admissibility of testimony fairly tending to establish a continuing system or plan has been repeatedly recognized not only in this State, but in other States as well. The rule in this regard may well be said to be established by the overwhelming weight of authority. Decisions relating to the trial of offenses not involving a corrupt intent and cases in which intent, if an essential element, is required to be found from the facts and circumstances of the particular act or transaction involved, are, for obvious reasons, not in point. Corrupt intent involved in the receiving and acceptance of a bribe by a public officer to influence him in connection with the performance of his duties may be established by proof of the specific payment on which the indictment or information is based, supplemented by testimony of the character here in question. *State* v. *Ames,* 90

Minn 183 (96 NW 330); *People* v. *Duffy,* 212 NY 57 (105 NE 839, LRA1915B 103, Ann Cas 1915D 176); *Higgins* v. *State,* 157 Ind 57 (60 NE 685); *Butt* v. *State,* 81 Ark 173 (98 SW 723, 118 Am St Rep 42); *White* v. *State,* 43 Ga App 748 (159 SE 897).

We are not in accord with the holding of the trial judge that the proofs in the instant case must be limited to acts occurring on or about September 15, 1942, the date alleged in the information. Testimony tending legitimately to show a continuing plan or system of which the transaction directly involved was a part is competent as bearing on the issue of intent. Such testimony must, of course, have reference to the period of time during which such plan or system was in operation, including preliminary matters or agreements involved in the establishment of such system and relating to the method of operation thereunder.

For the reasons stated, we sustain the action of the trial judge with reference to the admissibility of the testimony given by certain witnesses in the prior case, the witnesses being now deceased, and reverse the order striking the bill of particulars. The cause is remanded to the circuit court with directions to set aside such order.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.