PEOPLE v. HUTSON

1. CRIMINAL LAW—RES GESTAE WITNESSES—FAILURE TO INDORSE—
   RAISING QUESTION.
   The failure of the prosecution to indorse the names of *res
   gestae* witnesses on an information cannot be urged as error
   in the absence of a motion to indorse made during trial
   nor may it be raised for the first time on a motion for a new
   trial.

2. CRIMINAL LAW—WITNESSES—AVAILABILITY—PRIOR TESTIMONY—
   EVIDENCE—RIGHT OF CONFRONTATION.
   Transcript of a witness's testimony at a preliminary examination
   was properly admitted into evidence and defendant's right to
   confrontation was not abridged where the prosecution made
   a good-faith effort to produce the witness at trial and de-
   fendant failed to object at the trial to the absence of the
   witness or the use of his preliminary examination testimony
   (MCLA § 768.26).

Appeal from Marquette, Bernard H. Davidson, J.
Submitted Division 3 May 1, 1970, at Marquette.
(Docket No. 6,629.)   Decided June 29, 1970.

Clifford Hutson was convicted of felonious
assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Edward A. Quin-
nell,* Prosecuting Attorney, for the people.

*Douglas B. Vielmetti,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law § 328.
[2]  21 Am Jur 2d, Criminal Law §§ 343, 344, 367.

Before: FITZGERALD, P. J., and J. H. GILLIS and O'HARA,* JJ.

PER CURIAM. Defendant Clifford Hutson was charged with assault with intent to do great bodily harm less than murder.[1] He was convicted by a jury of the lesser included offense of felonious assault.[2] The charge grew out of an assault by defendant against Raymond Champagne in the dormitory of the state prison at Marquette where both were prisoners.

Defendant appeals as of right alleging that his motion for a new trial should have been granted because the prosecution failed to ascertain and produce *res gestae* witnesses at trial and because the prosecution failed to insure the attendance of Champagne at the trial. Defendant failed to object at trial to either of the alleged errors.

The failure to indorse *res gestae* witnesses cannot be urged as error in the absence of a motion to indorse made during trial, *People* v. *Amos* (1968), 10 Mich App 533; *People* v. *Prescott* (1934), 268 Mich 606, nor may it be raised for the first time on a motion for a new trial, *People* v. *Dimitroff* (1948), 321 Mich 205.

Likewise, the failure to object to the absence of Champagne and the use of his preliminary examination testimony at trial defeats defendant's appeal on this point. *People* v. *Paul F. Baker* (1967), 7 Mich App 471. *Barber* v. *Page* (1968), 390 US 719 (88 S Ct 1318, 20 L Ed 2d 255), is not applicable here because a good faith effort to produce Champagne was made by the prosecution. The transcript was

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

[1] MCLA § 750.84 (Stat Ann 1962 Rev § 28.279).

[2] MCLA § 750.82 (Stat Ann 1962 Rev § 28.277).

properly admitted into evidence and defendant's
right to confrontation was not abridged.  MCLA
§ 768.26 (Stat Ann 1954 Rev § 28.1049); *People* v.
*Pickett* (1954), 339 Mich 294 (45 ALR2d 1341),
*cert den* 349 US 937 (75 S Ct 781, 99 L Ed 1266);
*People* v. *Johnston* (1950), 328 Mich 213 (20 ALR
2d 1001).

    Affirmed.