PEOPLE *v*. KONVINSKI

1. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—DUTY TO
   PRODUCE.
   The obligation of the prosecution to produce *res gestae* witnesses
   does not extend to the production of witnesses whose identity is
   unknown to the prosecution.

2. CRIMINAL LAW—WITNESSES—QUESTIONING BY COURT—DISCRETION.
   The trial judge may question witnesses when he wishes in order
   to clear up matters during trial, but the questions should not
   make it apparent to the jury his belief or disbelief of a wit-
   ness's testimony.

Appeal from Wayne, Nathan J. Kaufman, J.
Submitted Division 1 December 11, 1970, at Detroit.
(Docket No. 9100.)   Decided January 29, 1971.
Leave to appeal denied April 20, 1971, 384 Mich 832.

Dennis Konvinski was convicted of armed rob-
bery.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Luvenia D. Dock-
ett,* Assistant Prosecuting Attorney, for the people.

*D. Michael Kratchman,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses §§ 3, 4.
[2] 58 Am Jur, Witnesses §§ 557, 558.
   Propriety of conduct of trial judge in propounding questions to
   witnesses in criminal case.  84 ALR 1172.

Before: Danhof, P. J., and Holbrook and Van-
der Wal,* JJ.

Per Curiam. Defendant was convicted by a jury
of robbery armed, MCLA § 750.529 (Stat Ann 1970
Cum Supp § 28.797) and sentenced to serve one to
two years' imprisonment. From that conviction and
sentence he appeals.

Complainant testified at trial that he was walking
home one night about 11 p.m. when a young man
grabbed him, held a knife at his throat, and de-
manded money. Complainant said: "Take my
money". A wallet containing $18, plus several other
articles, was taken from him.

After the robbery complainant called the police.
He told them that he did not know the name of the
man who robbed him, but that he knew who he was
as he had seen him around.

Two days later, complainant was walking around
Cunningham's Drug Store in Hamtramck when he
saw the man who robbed him. He went into a
hardware store and called the police. When the
police arrived complainant pointed the defendant
out to them as the one who robbed him and the
police placed Mr. Konvinski in custody. At trial,
complainant again identified defendant as the guilty
party.

From the time he was arrested, defendant claimed
alibi. He contended that at the time of the robbery
he was at his grandmother's house. At trial his
mother-in-law and wife related that on the night
of the robbery they had taken defendant to his
grandmother's about 9:30 or 10 o'clock as they did
every evening. Defendant's grandmother stated
that Mr. Konvinski had come home as usual on the
night of the robbery and gone to bed.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant took the stand in his own defense stating the same alibi and generally denying his guilt. The case went to the jury which found the defendant guilty. From the denial of defendant's motion for a new trial he appeals.

Defendant first alleges that the trial court erred in failing to require the prosecutor to attempt to produce the two girls allegedly with defendant when he robbed the complainant as these girls were *res gestae* witnesses. A review of the record below reveals that this issue was not raised and therefore was not properly preserved for review. *People* v. *Hutson* (1970), 25 Mich App 109. In addition, it does not appear that the identity of these girls was known to the prosecution. The people are under no obligation to produce "unknown witnesses". *People* v. *Todaro* (1931), 253 Mich 367. Accordingly, this issue lacks merit.

Defendant's second contention is that the trial court committed reversible error by his cross-examination of the defendant's alibi witness because in questioning this witness he showed partiality to the prosecution. Generally, the trial judge may question witnesses when he wishes in order to clear up matters during trial, *People* v. *Noyes* (1950), 328 Mich 207, but the judge's questions should not make it apparent to the jury his belief or disbelief in a witness's testimony. *People* v. *Young* (1961), 364 Mich 554. In the instant case a review of the record indicates that the judge's questions were not improper. Additionally, the defendant's counsel interposed no objections to these questions at trial. Moreover, in his instructions to the jury the trial judge stated that nothing he said should be considered by the jury as to how much credence they

should give to the testimony of any witness. Thus the issue is without merit.

The testimony of the complainant if believed was clearly sufficient to support a finding of guilty beyond a reasonable doubt.

Affirmed.