PEOPLE *v.* WATSON

CRIMINAL LAW—TRIAL—PRELIMINARY EXAMINATION TRANSCRIPT—
PERMISSIBLE USE.

> Prosecutor's reading parts of the preliminary examination tran-
> script of a witness did not constitute error where the witness
> was in court, had testified, and was available to testify further,
> and the prosecutor had received the permission of the court
> to read parts of the transcript in order to correct any false
> impression from defense counsel's use of allegedly isolated
> parts of the transcript.

Appeal from Jackson, Charles J. Falahee, J.
Submitted Division 2 June 7, 1971, at Lansing.
(Docket No. 7983.)   Decided July 23, 1971.   Leave
to appeal denied, 386 Mich 768.

Ann Watson was convicted of larceny in a store.
Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Bruce A. Barton,*
Prosecuting Attorney, and *Paula O. Hosick,* Chief
Appellate Attorney, for the people.

*Stuart D. Hubbell,* for defendant.

Before: DANHOF, P. J., and BRONSON and
O'HARA,* JJ.

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 343, 367.

O'Hara, J. This is an appeal from a judgment on a jury verdict of guilty on the charge of larceny in a store. (MCLA § 750.360 [Stat Ann 1954 Rev § 28.592]). The sentence imposed was within limits of the statute. It is before us on leave granted.

All of the errors complained of are procedural in nature, unless it be concluded that in their entirety (assuming they were errors at all) they amount to a denial of due process.

Defendant, by her actions while in the store, aroused the suspicion of a clerk who alerted one of the security force maintained in part to cope with the ever-increasing problem of shoplifting.[1] One officer observed her to take a sweater from a counter and place it under her own clothing. He started to follow her. She hurriedly went to another department where another guard saw her remove a sweater and place it on a different counter. She was then and there arrested and subsequently, as above noted, convicted.

Two assignments of error merit discussion. The first is the contention that the trial judge, by his adverse rulings and his phrasing thereof, created an atmosphere hostile to a fair trial. Assuming that he did (which we do not hold), any claimed error was cured by the giving of a corrective charge at the request of defense counsel.

Secondly, it is claimed that there was a misuse by the prosecuting attorney of the transcript of the preliminary examination by a claimed reading therefrom to the jury.

The claimed error is simply not sustained by the record. In the first place, the witness whose testimony was read from the transcript was in court, had testified, and was available to testify further. There

---

[1] The Supreme Court took judicial notice of the problem in *Bonkowski* v. *Arlan's Department Store* (1970), 383 Mich 90, 103, 104.

was no unconstitutional deprivation of confrontation interdicted by *People* v. *Johnston* (1950), 328 Mich 213. Secondly, before the prosecuting attorney read certain questions and answers to the witness, he requested and received permission of the trial court to do so. He stated his reason; namely, that defense counsel had used the transcript to cross-examine the witness and in so doing read isolated questions and answers out of their proper context. It was a perfectly permissible retaliatory tactic and well within the trial court's discretion to allow.

The indicia of guilt are more than ample to support a finding that no miscarriage of justice occurred. See GCR 1963, 529.1, and CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096), and *People* v. *Dunn* (1968), 380 Mich 693, 701.

Affirmed.

All concurred.