PEOPLE v COBB

Docket No. 28564. Submitted December 21, 1977, at Detroit.—Decided
February 8, 1978.

James A. Cobb was convicted by a jury in Recorder's Court of
Detroit, Susan D. Borman, J., of the second-degree murder of
his wife. Defendant appeals. Defendant contends on appeal that
he was prejudiced by the prosecutor's reference in closing
argument to the defendant's failure to respond when asked by
his mother why he had shot his wife, that the trial court
erroneously admitted testimony that defendant had shot at the
automobile of his wife's sister on a previous night, and that
certain other testimony was improperly admitted as rebuttal
testimony. *Held:*

1. The prosecutor's reference in closing argument to defend-
ant's failure to respond was not prejudicial where all of the
testimony regarding the issue had been raised by defense
counsel.

2. The testimony of the sister was properly admitted as
probative of the defendant's intent, notwithstanding that the
earlier shooting may be evidence of a separate crime.

3. The testimony of certain witnesses was properly admitted
as rebuttal where it was directed at refuting testimony of the
defendant which denied certain facts sought to be established
by the prosecution in its case in chief.

Affirmed.

1. CRIMINAL LAW—PROSECUTOR'S COMMENTS—DEFENDANT'S SILENCE—
PREJUDICE.

A prosecutor's reference, in his closing arguments in a trial for
murder, to a defendant's failure to respond when asked by his
mother why he had shot his wife was not prejudicial error
where all testimony regarding the defendant's failure to re-

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 353, 354, 356.
   40 Am Jur 2d, Homicide § 339.
[2] 21 Am Jur 2d, Criminal Law §§ 82, 611, 616.
   29 Am Jur 2d, Evidence §§ 266, 363, 366, 1091.
[3] 29 Am Jur 2d, Evidence §§ 250, 269.

spond had been elicited by defense counsel and the prosecution was not endeavoring to produce evidence of the defendant's silence in order to prove guilt.

2. CRIMINAL LAW—EVIDENCE—PRIOR ACTS—INTENT—STATUTES.

A defendant's acts prior to the commission of the charged crime are admissible at trial where those acts are probative of intent, even though those acts may constitute separate crimes (MCLA 768.27; MSA 28.1050).

3. CRIMINAL LAW—EVIDENCE—REBUTTAL TESTIMONY.

Testimony of witnesses which was directed at refuting testimony of a defendant denying certain facts sought to be established in the prosecutor's case in chief was properly admitted as rebuttal evidence even though that testimony would have been merely cumulative had it been presented prior to the defendant's denial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *E. Gail Willhardt,* Assistant Prosecuting Attorney, for the people.

*John C. Mouradian,* for defendant on appeal.

Before: BASHARA, P. J., and BEASLEY and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Defendant appeals his conviction by a jury of second-degree murder. MCLA 750.317; MSA 28.549. Finding defendant's claims of error unavailing, we affirm the conviction.

The record discloses that on the day before the death of defendant's wife, she and defendant arrived at the residence of defendant's mother, where they were to stay for the weekend. The following morning defendant's mother heard a shot. She then heard voices followed by another shot. These events occurred while defendant and

decedent were in defendant's room, which was contiguous to that of his mother.

Defendant's mother then called to him in an effort to ascertain what had occurred. She testified that defendant stated that he had shot his wife, to which she responded "why, why, why?". On cross-examination by defense counsel, she stated that defendant gave no response to this latter inquiry.

The direct examination testimony by defendant contradicted that of his mother. According to defendant, he told his mother that he had accidentally shot his wife, and she responded "oh no, oh no".

In his final closing argument, the prosecutor referred to defendant's failure to respond to his mother's inquiry. Defendant contends that this resulted in prejudice entitling him to a new trial. We disagree.

All testimony concerning defendant's response or failure to respond to his mother's inquiries was elicited by defense counsel. This is not a case of the genre where the prosecution has endeavored to produce evidence of defendant's silence to prove guilt, as was condemned in *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973). To conclude otherwise would enable the defendant to infect the proceedings with prejudicial error so as to gain a new trial should the verdict be adverse.

The prosecution introduced the testimony of the decedent's sister. Among other things, she testified that earlier the defendant shot at her automobile. In a subsequent conversation the defendant told the sister that he saw his wife in that automobile on the night of the occurrence, but denied firing a shot at the vehicle. Defendant maintains that this testimony constituted evidence of a separate crime

and, therefore, its admission was reversibly erroneous.

Since the defense of accident was asserted by defendant, his intent was a material issue in the case. Both statute and case precedent support the admissibility of defendant's prior acts when probative of intent, notwithstanding that they may constitute separate crimes. MCLA 768.27; MSA 28.1050, *People v Chism,* 390 Mich 104, 116–119; 211 NW2d 193, 198–200 (1973). Our conclusion is that the challenged testimony was relevant to defendant's intent and, therefore, admissible within the foregoing guidelines.

Defendant also contends that certain witnesses called by the prosecution were erroneously permitted to testify as rebuttal witnesses. However, our review of the record discloses that the testimony of those witnesses was directed at refuting testimony by the defendant denying certain facts sought to be established in the prosecutor's case in chief. Prior to that denial the challenged testimony would have been merely cumulative in showing that the defendant made threats to kill his wife and was jealous of another man with whom the decedent was friendly. Consequently, we conclude that the testimony in question was properly admitted as rebuttal within the rule of *People v Bennett,* 393 Mich 445, 449; 224 NW2d 840, 842 (1975).

Affirmed.