PEOPLE v GROSS

Docket No. 57689. Submitted October 6, 1982, at Lansing.—Decided
    February 24, 1983. Leave to appeal applied for.

Norman L. Gross was convicted of receiving and concealing stolen
    property exceeding the value of $100, Iosco Circuit Court, Carl
    L. Horn, J. The defendant appeals alleging that the trial court
    erred in admitting the preliminary examination testimony of
    an unavailable witness rather than granting an adjournment so
    that the witness could testify in person. *Held:*

   The trial court did not abuse its discretion in admitting the
   preliminary examination testimony. The witness was unable to
   testify due to a physical infirmity. The trial court did not abuse
   its discretion in not granting an adjournment.
       Affirmed.

1. CRIMINAL LAW — RECEIVING AND CONCEALING STOLEN PROPERTY.
    An essential element of the crime of receiving and concealing
    stolen property is that the property involved must have been
    stolen (MCL 750.535; MSA 28.803).

2. WITNESSES — UNAVAILABILITY OF WITNESSES — RULES OF EVIDENCE.
    A witness is unavailable at trial for purposes of the Rules of
    Evidence where he is unable to be present because of physical
    or mental illness or infirmity and if a witness is unavailable his
    former testimony may be read into evidence providing that the
    opposite party had an opportunity and motive to develop the
    testimony by examining the witness (MRE 804[a][4], 804[b][1]).

3. EVIDENCE — ADMISSIBILITY OF EVIDENCE.
    The admissibility of evidence should be determined by the trial
    court through a proper exercise of its discretion.

REFERENCES FOR POINTS IN HEADNOTES
[1] 66 Am Jur 2d, Receiving Stolen Property §§ 3, 7.
[2] 29 Am Jur 2d, Evidence § 755.
[3] 29 Am Jur 2d, Evidence § 251.
[4] 17 Am Jur 2d, Continuance § 3.

4. Criminal Law — Trial — Adjournment of Trial.

> The granting of an adjournment in a criminal case rests within the sound discretion of the trial court.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Stephen H. Naegele,* Prosecuting Attorney, and *Mary C. Smith,* Assistant Attorney General, for the people.

State Appellate Defender (by *Rolf E. Berg),* for defendant on appeal.

Before: Beasley, P.J., and M. J. Kelly and W. S. White,* JJ.

Per Curiam. Defendant was convicted by a jury of receiving and concealing stolen property exceeding the value of $100, a 1979 Ford Bronco, MCL 750.535; MSA 28.803. He was sentenced to a term of five years probation with the first year to be served in jail. He was released on bond pending appeal. Defendant appeals as of right.

Defendant argues that the trial court erred in admitting the preliminary examination testimony of an unavailable witness into evidence rather than granting an adjournment so that the witness could testify in person. The defendant argues that without that testimony the prosecution did not present sufficient evidence that the Bronco was stolen.

One of the essential elements of the crime of receiving and concealing stolen property is that the property involved must have been stolen. *People v Tantenella,* 212 Mich 614, 619; 180 NW 474 (1920). The owner of the Bronco, Christopher A. Smith, testified at defendant's preliminary examination that on a Friday night he parked and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

locked the vehicle in his driveway. He did not give anyone permission to take it. When he awoke the next morning, the Bronco was missing. He immediately called the police and reported the vehicle as being stolen.

The trial was scheduled for November 19, 1980. The sheriff, however, was unable to locate and serve process on Smith. As a result, the trial date was adjourned to December 16, 1980. On the second day of trial, the prosecution informed the court that Smith had been hospitalized three days prior to trial, was still in the hospital, and was undergoing extensive tests for a possible aneurysm. The people moved for the admission of Smith's preliminary examination testimony into evidence.

The trial court immediately held a hearing on the unavailability of Smith. Keith Papas testified that he telephoned Harper Hospital and was told by Dr. Gurdjian that he was in the process of performing a spinal or lumbar puncture on Smith and did not know when Smith could be released. Detective Raymond Knuth testified that he was informed by Smith's mother that Smith had been hospitalized due to neurological problems and that it was possible Smith was suffering from an aneurysm. Assistant Prosecuting Attorney Ronald Tyler testified that he spoke with Smith the previous day. Smith had told him that he had been having severe headaches for the last three or four days. The headaches gave Smith a severe burning sensation which Smith feared to be an aneurysm. Smith's family has a history of aneurysms. Smith told Tyler that he had been in bed constantly and that the doctors were "holding him there". Based on this testimony, the trial court found Smith to be an unavailable witness under MRE 804(a)(4).

Smith's preliminary examination testimony was then read into evidence.

MRE 804(a)(4) defines a witness as being unavailable if he is unable to be present because of physical or mental illness or infirmity. If a witness is unavailable, his former testimony may be read into evidence, providing the opposite party had an opportunity and motive to develop the testimony by examining the witness. MRE 804(b)(1). On appeal, defendant argues that the trial court abused its discretion in admitting Smith's testimony because due diligence in producing the witness had not been shown. The due diligence requirement, however, applies only under MRE 804(a)(5) (the witness is absent and the proponent of his statement "has been unable to procure his attendance"). Under MRE 804(a)(4), when the witness is unable to attend due to medical problems, there is no requirement of a showing of "due diligence" to produce the witness.

Questions on admissibility of evidence are to be determined by the trial court through a proper exercise of its discretion. *People v Amison,* 70 Mich App 70, 74; 245 NW2d 405 (1976); see MRE 104(a). The trial court did not abuse its discretion in admitting Smith's testimony. Smith had a suspected aneurysm and had submitted himself to a lumbar puncture. He was unable to testify due to a physical infirmity. Under such circumstances, Smith's preliminary examination testimony was admissible under MRE 804(b)(1).

Defendant asserts further that the trial court at least should have granted defendant's motion for an adjournment to allow Smith to be produced at a later date. The trial court noted that the jury had been sworn and that the trial was already in progress. The court noted also that there was no

indication of when Smith would be available to testify.

The granting of an adjournment in a criminal case rests within the sound discretion of the trial court. *People v Gross,* 118 Mich App 161, 164; 324 NW2d 557 (1982). After reviewing the circumstances in this case, we are unable to find an abuse of discretion. The court was in the middle of trial and it had no indication of when Smith would be available to testify. Smith's preliminary examination transcript was readily available. The denial of defendant's motion for an adjournment does not evidence an abuse of discretion.

Affirmed.