PEOPLE v MORRIS

Docket No. 68582. Submitted November 8, 1984, at Grand Rapids.—
Decided December 17, 1984.

Robert Morris was convicted by a jury in the Kalamazoo Circuit
Court of second-degree murder and felony-firearm. The trial
court, Robert L. Borsos, J., sentenced defendant to consecutive
prison terms of 2 years on the felony-firearm conviction and
from 4 to 15 years on the murder conviction. Defendant appeals
alleging several errors. *Held:*

1. The trial court did not abuse its discretion in allowing into
evidence the prior recorded testimony of the victim given at a
separate assault trial some three months prior to the occur-
rence of the incident from which the current charges arose.
The testimony concerned previous altercations between the
victim and the defendant. The testimony from the prior assault
trial was admissible pursuant to MRE 804(b)(1). The testimony
need not have been given at a proceeding related to the
pending prosecution in order to be admissible if the defendant
had the opportunity and the motive to cross-examine the
witness in the prior proceeding. Here, the defendant had such

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 772.
   29 Am Jur 2d, Evidence §§ 738, 739.
[2] 29 Am Jur 2d, Evidence § 320 *et seq.*
   Admissibility, at trial of criminal case, of evidence of defendant's
   criminal acts other than those charged—Supreme Court cases. 93
   L Ed 2d 184.
   Admissibility, under Rule 404(b) of Federal Rules of Evidence, of
   evidence of other crimes, wrongs, or acts similar to offense
   charged to show preparation or plan. 47 ALR Fed 781.
[3] 6 Am Jur 2d, Assault and Battery §§ 97, 101.
   29 Am Jur 2d, Evidence § 324.
[4] 75 Am Jur 2d, Trial §§ 746, 747.
[5] 5 Am Jur 2d, Appeal and Error § 816.
[6] 5 Am Jur 2d, Appeal and Error § 549.
[7] 29 Am Jur 2d, Evidence §§ 320, 327, 330.
   Right to impeach credibility of accused by showing prior conviction,
   as affected by remoteness in time of prior offense. 67 ALR3d 824.
[8] 5 Am Jur 2d, Appeal and Error § 789.

an opportunity and motive to examine the witness in the prior proceeding.

2. The four-part test that must be met before evidence of the defendant's prior bad acts can be admitted pursuant to MRE 404(b) was met in this case in regard to the testimony of several witnesses concerning two prior altercations between the defendant and his victim. The defendant admitted that the first and third prongs of the test were met. The second prong was met because the testimony concerning defendant's prior assaults on the victim tended to prove intent. The fourth prong was also met since the probative value of the testimony was not outweighed by its prejudicial impact.

3. The trial court did not err in failing to give *sua sponte* a limiting instruction to the jury on the use of the evidence of the prior assaults.

4. Any error which may have occurred in the trial court's instruction on the defendant's accident defense was harmless error. It is clear from the verdict that the result would not have changed had the jury been reinstructed as the defendant had requested.

5. The trial court did not err in excluding from evidence references to the victim's 28-year-old conviction for statutory rape.

6. Certain statements contained in the prosecutor's closing argument were ill-advised, however, the curative instruction given be the trial court was sufficiently curative to prevent the defendant from being prejudiced. In addition, the contested remarks did not prejudice the defendant.

7. Since no error was found on any one issue, the Court of Appeals determined that it was incapable of finding a cumulative effect of several errors mandating reversal.

Affirmed.

1. EVIDENCE — WITNESSES — UNAVAILABLE WITNESSES — PRIOR TESTIMONY — RULES OF EVIDENCE.

The prior testimony of a witness unavailable for trial may be read into evidence, provided that the opposing party had an opportunity and motive to develop the testimony by examining the witness at the prior proceeding; the prior proceeding at which the testimony was given need not be related to the pending charge; the decision to admit such evidence is within the trial court's discretion and will not be reversed unless there is a showing that the trial court abused its discretion (MRE 804[b][1]).

2. Criminal Law — Evidence — Prior Bad Acts — Rules of
   Evidence.

   Evidence of prior bad acts is not admissible to show a defendant's
   character nor to show that he acted in conformity therewith;
   evidence of uncharged crimes may, however, be admissible for
   another purpose where: (1) there is substantial evidence that
   the defendant actually perpetrated the bad act sought to be
   introduced; (2) some special quality or circumstance of the act
   tends to prove the defendant's identity, or the motive, intent,
   absence of mistake or accident, scheme, plan, or system in
   doing the act and opportunity, preparation and knowledge; (3)
   one or more of these factors must be material to the determina-
   tion of the defendant's guilt of the charged offense; and (4) the
   probative value of the evidence sought to be introduced must
   not be substantially outweighed by the danger of unfair preju-
   dice (MRE 404[b]).

3. Criminal Law — Evidence — Prior Bad Acts — Intent.

   Evidence of a prior assault by the defendant on the victim may
   be admissible to show intent, particularly where the defense of
   accident is asserted.

4. Trial — Jury — *Sua Sponte* Instructions — Limiting Instruc-
   tions.

   A trial court is under no obligation to give *sua sponte* a limiting
   instruction to the jury.

5. Criminal Law — Jury Instructions — Appeal — Harmless
   Error.

   Error occurring in the trial court's instructions to the jury may
   be determined to be harmless error where the result would not
   have changed had the error not occurred.

6. Appeal — Criminal Law — Preserving Question.

   Appellate review of an issue is precluded, absent a showing of
   manifest injustice, where the defendant failed to object in
   regard to the issue at trial.

7. Criminal Law — Evidence — Witnesses — Prior Convictions —
   Rules of Evidence.

   Impeachment evidence of prior criminal convictions of a witness
   must be excluded if a period of more than ten years has elapsed
   since the date of conviction or the date of release from confine-
   ment, whichever is later (MRE 609[b]).

8. Criminal Law — Appeal — Reversible Error — Cumulative
   Errors.

   The cumulative effect of a number of minor errors in a case may

add up to reversible error, although any one error in the case may not necessarily provide the basis for reversal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Michael H. Dzialowski,* Assistant Prosecuting Attorney, for the people.

*Milton J. Marovich, P.C.* (by *Milton J. Marovich),* for defendant on appeal.

Before: R. B. BURNS, P.J., and ALLEN and T. L. BROWN,* JJ.

ALLEN, J. On September 10, 1982, defendant was convicted of murder in the second degree, MCL 750.317; MSA 28.549, and felony-firearm, MCL 750.227b; MSA 28.424(2). Sentenced to from 4 to 15 years in prison on the murder conviction and 2 years in prison on the felony-firearm conviction, to be served consecutively, defendant appeals as of right raising six issues, none of which we find requires reversal. We note, however, that Issue I involves a question of first impression, and Issue IV raises a question on which this Court is split.

The incident from which the charges arose occurred in the early evening hours of March 6, 1982, on the front porch of the home of Ruby Norris on Hawley Street in Kalamazoo. On that date and time, defendant, who lived across the street, had come to the Norris home asking to see Ruby. Ruby came to the front porch. While she and defendant were talking, the eventual victim, Sinclair Norris, appeared and stood behind Ruby. When defendant asked Ruby to cross the street to his home, and Ruby objected, defendant and Norris pushed Ruby out of the way, whereupon defen-

* Circuit judge, sitting on the Court of Appeals by assignment.

dant pulled a gun from his pocket, pointed it at Sinclair Norris and shot him.

At trial, testimony was introduced of previous altercations between Sinclair Norris and defendant. On December 16, 1981, some three months prior to the current incident, defendant and Norris had exchanged blows, following which defendant struck Norris on the side of the head, resulting in a wound requiring two stitches. As Norris started to walk away from defendant, defendant fired four or five shots at Norris, one of which struck Norris in the leg. At defendant's trial on the December 16th incident, Norris testified to the above events. At trial on the current charges, over objection of defendant, Norris's testimony at the trial on the December 16th assault was introduced.

Defendant testified in his own behalf, and admitted that there had been prior altercations between him and Norris, but claimed that they were all instigated by Norris. Defendant stated that on the date of their last dispute, after Norris backed off, Norris started towards defendant with his hands in his pocket, in response to which defendant pulled his gun and warned Norris off. However, according to defendant, when Norris kept coming towards defendant, someone hit defendant from behind and, as defendant fell, the gun went off.

It is first claimed that error occurred when the trial court allowed into evidence the prior recorded testimony of Norris at the trial on the December 16, 1981, incident. Defendant argues that the trial in that matter involved a separate offense lacking common elements with the currently charged offense.

The prior testimony of a witness unavailable for trial may be read into evidence, provided that the opposing party had an opportunity and motive to develop the testimony by examining the witness at

the prior proceeding. MRE 804(b)(1); *People v Gross,* 123 Mich App 467, 470; 332 NW2d 576 (1983). The admissibility of such evidence is within the proper exercise of discretion by the trial court. *Id.* The decision of the trial court will not be reversed unless there is a showing that it abused its descretion. *Id.* However, unlike the case at bar, *Gross* involved the more typical situation in which the testimony of the unavailable witness was that given at the preliminary examination on the charge for which the defendant was on trial.

Citing *People v Johnston,* 328 Mich 213; 43 NW2d 334 (1950), defendant contends that prior recorded testimony is only admissible if it is given at a proceeding related to the pending charge. We disagree. The *Johnston* Court was construing a statute which made no reference to prior testimony taken in any case except a case involving the pending prosecution. MRE 804(b)(1) by its language permits testimony from "the same or a different [prior] proceeding" if the party against whom the testimony is offered had the opportunity and motive in the prior proceeding "to develop the testimony by direct, cross, or redirect examination". The question presented is of first impression. However, based on MRE 804(b)(1) we find that Norris's prior recorded testimony concerning the December 16, 1981, incident was admissible.

Unlike in *Johnston,* the two offenses involved were not entirely separate and distinct. As ruled in *Gross,* such testimony is admissible if defendant had the opportunity and the motive to cross-examine the witness in the prior proceeding. Defendant had an opportunity since the testimony arose in a prior preliminary examination in which he was also the defendant. With respect to motive, we submit that defendant had a motive at the preliminary examination to cross-examine Norris on the

same areas as if Norris had survived the shooting and testified at trial in the case at bar. That is, the elements being developed by admission of the prior testimony in the case at bar were that of defendant's past altercations with Norris, the fact of the prior shooting, ill will, etc. Each of these elements was present in the prior crime, thus giving defendant a motive to cross-examine in these areas at the prior preliminary examination. Finally, on this issue, we note that the trial court very carefully limited the purpose for which the prior testimony was admitted:

"The prosecutor offers this testimony not to prove that the defendant shot the victim in this case, but rather to show the prior relationship between the victim and the defendant in this case, claiming that it has a bearing on the element of premeditation required in the murder charge.

"If this was another assault case, that is, if the victim had not died, this court would permit him to testify to the earlier assault some months earlier to show, in effect, that there was bad blood between the parties. He is not available because he's dead. And under the court rule, the court believes that the testimony at the preliminary examination of the earlier assault case, even though the elements are not the same, is admissible against the defendant in this case to show the prior relationship of the parties and what effect it may have on the element of premeditation in this murder case."

Over objection of defense counsel, several witnesses testified to two prior altercations between defendant and Norris occurring on December 16, 1981. The first was a fight at the Juvenile Court when defendant pulled a knife, and the second was the incident previously related when defendant shot Norris in the leg. Defendant claims that this testimony was unduly prejudicial and greatly outweighed its probative value.

Evidence of prior bad acts is not admissible to show a defendant's character nor to show that he acted in conformity therewith. However, evidence of uncharged crimes may be admissible for another purpose. MRE 404(b). In *People v Golochowicz,* 413 Mich 298, 309; 319 NW2d 518 (1982), the Supreme Court announced a four-part test to determine if one of the other permitted purposes is present. Defendant admits that the first and third prongs of the *Golochowicz* test have been met, but disagrees that the second and fourth prong standards were established.

With respect to the second prong, we believe that the evidence of the prior assaults by defendant upon the victim tends to provide defendant's motive, intent or absence of accident. This Court has twice ruled that evidence of a prior assault is admissible to show intent, particularly where the defense of accident is asserted. *People v Cobb,* 82 Mich App 167; 266 NW2d 451 (1978); *People v Doyle (On Remand),* 129 Mich App 145; 342 NW2d 560 (1983). Because the testimony concerning defendant's prior assaults on Norris tended to prove intent, we hold that the second prong of the *Golochowicz* test was met.

As to the fourth prong, we do not believe that the probative value of the testimony was outweighed by its prejudicial impact. As noted in *Doyle, supra,* and *Cobb, supra,* prior assaults are probative to the issue of intent. Since defendant was charged with murder, intent was a crucial element to be established. That defendant had shot the victim before is highly probative of whether defendant intended to shoot the victim on the day of the killing or whether, as suggested by defendant, the shooting was accidental.

Defendant did not request the trial court to give a limiting instruction to the jury on the use of the

evidence of the prior assaults, and the trial court did not *sua sponte* give such an instruction. Was this error? A trial court is under no obligation to give *sua sponte* a limiting instruction to the jury. As was stated in *People v Chism,* 390 Mich 104, 120-121; 211 NW2d 193 (1973):

"We hold that in the absence of request or proper objection under present Michigan case law, there is no absolute requirement that the trial judge give limiting instructions, even though such an instruction should have been given.

"Therefore failure to instruct in this case where there was no request for such instruction and no objection to the failure to instruct was not reversible error."

Likewise, in *People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973), a case involving the admission of evidence of prior convictions, the Supreme Court held that the trial court did not err in not giving a limiting instruction absent a request on the use of evidence of the prior convictions. Based on *Chism* and *DerMartzex,* we find that the trial court did not err in failing to instruct in the instant case.

Defendant also complains that the jury was not properly instructed on his accident defense. The instruction given by the trial court on the accident defense reads as follows:

"One of the defenses raised in this case is that the death of Sinclair Norris occurred as a result of an accident, and that for this reason the defendant is not guilty of the crime charged. If the defendant did not intend to kill or did not act with knowledge of the probable consequences of his act, then he is not guilty of the crime of murder."

After instructing the jury, the trial court and

counsel met in chambers to hear any objections to the instructions. Defense counsel objected to the instruction on grounds that it only applied to murder and should apply to all charges. The trial court agreed, whereupon the prosecution objected on grounds that there is no accident defense, or at least that the defense is different, for the lesser-included offense of involuntary manslaughter. The proceedings were then reconvened and the jury was sent to deliberate without any reinstruction on the accident defense. Defense counsel made no subsequent objection to the trial court's action.

Because the discussion in chambers was held off the record we cannot tell whether the court's failure to reinstruct was inadvertent error or whether during the last discussion the parties agreed that no new instruction was required. We will assume, however, that the parties did not agree. But under this assumption we believe that defense counsel should have made a second objection after the trial court's failure to reinstruct. In the absence of such an objection, this Court cannot determine whether counsel agreed that a new instruction was not in the best interest of his client.

Nevertheless, even if the issue is properly preserved for appeal, we do not believe that the trial court's accident instruction resulted in reversible error. First, as noted above, the trial court gave an exact rendition of a Criminal Jury Instruction. Second, the jury instruction covers both first- and second-degree murder, as it addresses the general crime of murder. By the jury's returning a verdict of guilty on the crime of second-degree murder, it is clear that they rejected defendant's theory of accident. Thus, even if the jury did not understand that the accident defense would also apply to voluntary manslaughter, it would not have

changed the result. Accordingly, we conclude that any error in the instruction is harmless error. *People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978), *rev'd on other grounds* 408 Mich 69; 288 NW2d 583 (1980); *People v Swan,* 56 Mich App 22, 31-33; 223 NW2d 346 (1974).

We next address the issue on which this Court is split. Prior to introducing Norris's testimony given at the preliminary examination on the December 16, 1981, shooting incident (Issue I, *supra),* the trial court and counsel reviewed the transcript to eliminate any objectionable material. Reference was found therein to Norris's prior conviction for statutory rape some 28 years before. The trial court ruled that it would sustain the prosecutor's objection to any reference to that conviction due to the "ten year rule" contained in MRE 609. When the testimony was read to the jury, the court sustained the prosecution's objection. Defense counsel did not object nor did defense counsel seek to introduce evidence of the prior conviction for impeachment purposes.

A defendant's failure to object at trial precludes appellate review in the absence of manifest injustice. *People v Cleveland Wells,* 103 Mich App 455; 303 NW2d 226 (1981). It may well be that defense counsel failed to object because an objection was made and overruled by the trial court in the in-chambers review of the transcript. At least, this is the inference from defendant's brief on appeal. Therefore, for purposes of this appeal, we will assume that the issue has been preserved.

MRE 609(b) requires that evidence of prior convictions be excluded if a period of more than ten years has elapsed since the date of conviction or the date of release from confinement, whichever is later. Defendant relies upon *People v Redmon,* 112 Mich App 246; 315 NW2d 909 (1982), for the

proposition that MRE 609(b) must yield to the Sixth Amendment right to confrontation. *Redmon, supra,* pp 255-256. However, *Redmon* is distinguishable from the case at bar in that the *Redmon* Court found that the witness's criminal record was relevant to the defendant's theory that the witness was lying and had a motive to lie to avoid going back to jail. No such compelling need for the introduction of evidence of the prior conviction is present in the case at bar. The victim's 28-year-old conviction for statutory rape has nothing to do with the facts in the case at bar. Since the conviction was for statutory rape rather than forcible rape, it would not be relevant to the victim's disposition towards violence, which would support a theory of self-defense, nor does a conviction for statutory rape relate to truthfulness or honesty of the witness, thus addressing the issue of the credibility of the witness. Thus, the prior conviction had little or no relevance to the case at bar.

Further, another panel of this Court has rejected the *Redmon* rule. *People v Carter,* 128 Mich App 541, 548; 341 NW2d 128 (1983). The *Carter* Court accepted the dissenting opinion in *Redmon,* which argued that, since the Supreme Court had the sole authority to establish rules of evidence, only the Supreme Court had the authority to change the plain meaning of rule 609(b) which, by its terms, applies to all witnesses, including prosecution witnesses. *Redmon, supra,* pp 258-259. This jurist was the author of the *Redmon* majority opinion and continues to believe that opinion, as applied to the facts in that case, was correct. However, this jurist believes *Redmon* is distinguishable both for the reason stated above and because the conviction's 28-year vintage lacks the necessary element of "recency" set forth in *People v Wakeford,* 418 Mich 95, 116; 341 NW2d 68 (1983). The other two

members of this panel, while agreeing that *Red-mon* is distinguishable, also believe that *Carter* represents the better interpretation of rule 609(b) which, on its face, applies to all witnesses.

For the above reasons, though they be diverse, we conclude that the trial court did not err in excluding the evidence of the victim's 28-year-old conviction.

Relying on this Court's decision in *People v Fredericks,* 125 Mich App 114; 335 NW2d 919 (1983), defendant complains of the following portion of the prosecution's closing argument:

"There's no way the wound could have been inflicted in the way that Robert Morris says it was inflicted: it was accidental and he was down on his knees when it happened. He's the only one that's heard all the testimony that was presented before he took the witness stand.

"The incident with the knife, there were other witnesses that saw what happened. It wasn't just him and Sinclair. So Robert Morris indicates, 'Yeah, I had a knife.' Well, Sinclair's testimony is the only testimony about what actually occurred out in that street. So he gets up, says, 'No, it wasn't me.'

"Okay. When he's on the porch, then he's saying, 'Oh, yeah, there was a struggle.' Steve Rayborn said there was a struggle—"

Defendant objected to the remark and the court subsequently gave the following curative instruction:

"*The Court:* All right. I'll ask the prosecutor not comment on that fact, though, that the defendant has been here, heard all of the testimony. I think that's obvious. He has a right to be here. He should be here. And under our constitution, anyone who is charged with a crime has a right to be confronted with his accusers, with all witnesses against him. That's the

basic part of our system. The defendant has a right and should be here throughout the entire trial."

We find *Fredericks* inapplicable because there no curative instruction was given and the objectionable remarks were repetitive. While the prosecutor's statement was ill-advised, we conclude that the trial court's instruction was sufficiently curative to prevent defendant from being prejudiced. We also find that the contested remarks did not prejudice defendant. The proofs at trial were totally inconsistent with defendant's claim that as he was hit from behind, he fell to his knees, and the gun went off accidentally.

The pathologist who examined the body of Sinclair Norris testified that the bullet entered the chest in the area of the heart, passed through the heart, through the diaphragm, through the left lobe of the liver, and lodged to the right of the third lumbar vertebra. Thus, the path of the bullet is consistent with a gunshot fired from a height above the victim's heart, with the gun pointing downward. This directly contradicts defendant's theory of accident, that the gun discharged as defendant was falling to the ground.

In his sixth and final issue on appeal, defendant argues that the cumulative effect of several errors mandates reversal. Although one error in a case may not necessarily provide the basis for reversal, it is possible that the cumulative effect of a number of minor errors may add up to reversible error. *People v McCoy,* 392 Mich 231, 240; 220 NW2d 456 (1974); *People v Skowronski,* 61 Mich App 71, 77; 232 NW2d 306 (1975). However, since we have found no error on any one issue, we are incapable of finding a cumulative effect of several errors.

Defendant does not deny that he shot the victim. Instead, he claims that the shooting was acciden-

tal. But, as discussed in Issue V above, the defense of accident is not credible. The path of the bullet through the victim's body is consistent with a shot fired from a gun held by defendant while standing with the gun above the level of the victim's heart. It is not consistent with defendant's story that the gun discharged accidentally as defendant fell to his knees, as this would require an upward path through the heart of the victim, which simply did not occur.

In view of this evidence, even if any error was present, no reasonable juror would have accepted defendant's theory of accident and therefore would have voted for acquittal. Thus, even an error-free trial would only have resulted in at least a conviction for second-degree murder as was the result obtained in the case at bar.

Affirmed.