*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 22, 2019

Plaintiff-Appellee,

v

No. 341393
Wayne Circuit Court
LC No. 16-010471-01-FC

JOSEPH JEROME GRAHAM,

Defendant-Appellant.

Before: CAVANAGH, P.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

Defendant, Joseph Jerome Graham, appeals as of right his bench trial conviction of armed robbery, MCL 750.529. Defendant was sentenced, as a second habitual offender, MCL 769.10, to 15 to 30 years' imprisonment for the armed robbery conviction. We affirm.

## I. RELEVANT FACTS

This case arises out of defendant's commission of armed robbery at a Rite Aid store on September 23, 2016. Bessie Watkins, a Rite Aid employee, testified at the preliminary examination that defendant came into the store and used a box cutter to try to remove antitheft devices from some razor packages in the store. Watkins tried to push the razors away from defendant. Defendant pointed the box cutter toward Watkins's chest area and stated that she could not stop him and that he was going to get what he came for. Watkins testified that she felt threatened. Defendant then grabbed four packages of razors off the shelf and left the store without paying for them. Watkins later identified defendant in a photographic array and at the preliminary examination as the person who committed the crime.

At trial, the trial court admitted Watkins's preliminary examination testimony into evidence after determining that she was unavailable at the time of trial due to a physical illness. The trial court also admitted into evidence Rite Aid video surveillance footage of the incident and two letters defendant had written to the trial court. Defendant chose not to testify and did not present any evidence or witnesses. In closing argument, defense counsel conceded that defendant had stolen the razors and had used the box cutter to bypass antitheft devices but

-1-

disputed that defendant had threatened Watkins with the box cutter. The trial court found defendant guilty of armed robbery and sentenced him, as a second habitual offender, to 15 to 30 years' imprisonment.

This appeal ensued. Defendant filed in the trial court a motion requesting a new trial, a *Ginther*[1] hearing, or correction of an invalid sentence. The trial court denied the motion.

## II. ANALYSIS

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant's first argument on appeal is that he was denied the effective assistance of counsel and that the trial court erred in denying defendant's motion for a new trial premised on his ineffective assistance claim. We disagree.

Whether a defendant was denied the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Findings of fact are reviewed for clear error, and questions of law are reviewed de novo. *Id*. Because no *Ginther* hearing was held, this Court's review is limited to errors apparent on the existing record. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). "A trial court's decision to deny a motion for a new trial is reviewed for an abuse of discretion." *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008). A trial court abuses its discretion when its decision falls outside the range of principled outcomes. *Id*.

"To prove that his defense counsel was not effective, the defendant must show that (1) defense counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that counsel's deficient performance prejudiced the defendant." *People v Lane*, 308 Mich App 38, 68; 862 NW2d 446 (2014). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018) (quotation marks, brackets, and citation omitted). To establish prejudice, the defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018) (quotation marks and citation omitted). "The defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014).

Defense counsel is afforded wide discretion on matters of trial strategy, *People v Dunigan*, 299 Mich App 579, 584; 831 NW2d 243 (2013), and the defendant must overcome the strong presumption that defense counsel's performance constituted sound trial strategy, *People v Matuszak*, 263 Mich App 42, 58; 687 NW2d 342 (2004). The fact that a strategy may have

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

failed does not establish ineffective assistance of counsel. *People v Stewart (On Remand)*, 219 Mich App 38, 42; 555 NW2d 715 (1996).

Defense counsel has a duty to undertake reasonable investigations or to make reasonable decisions that render particular investigations unnecessary. *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). Any decisions to forego or limit an investigation are "reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id*. (quotation marks and citation omitted). "[T]he failure to make an adequate investigation is ineffective assistance of counsel if it undermines confidence in the trial's outcome." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012) (quotation marks, brackets, and citation omitted).

Defendant contends that his two trial attorneys (his attorney at the preliminary examination and his attorney at trial) were ineffective for failing to "investigate" the purported fact that defendant had previously stolen items from the same Rite Aid store involved in this offense and from another Rite Aid store. Defendant claims that during these prior larcenies, he had contact with Watkins and did not threaten her during those encounters. Defendant theorizes that Watkins may have fabricated her claim that defendant threatened her with the box cutter in this case because she was so tired of defendant constantly stealing items from Rite Aid.

Defendant's argument fails for multiple reasons. Aside from the self-serving affidavit of defendant's appellate counsel, the record is bereft of factual support for defendant's contention that he committed prior nonthreatening larcenies at Rite Aid stores and that Watkins was present during those larcenies. And there is no evidence that Watkins fabricated her testimony that defendant threatened her with the box cutter because she was "tired" of defendant constantly stealing items from Rite Aid; this comprises mere speculation. Defendant's argument thus fails because he has not established the factual predicate for his claim. *Douglas*, 496 Mich at 592.

In addition, defendant admits that he never told his trial attorneys about his prior larcenies at Rite Aid and his allegedly nonthreatening contacts with Watkins during those larcenies. Defendant identifies no reason to conclude that his trial attorneys should have known about the prior larcenies and about the supposed fact that Watkins was present during those larcenies and was not threatened by defendant. If defendant wished to pursue a trial strategy premised on his contention that he had a history of engaging in nonthreatening larcenies at Rite Aid stores when Watkins was present, he could have conveyed the information to his attorneys. Instead, defendant waited until after he was convicted and told his appellate counsel about his alleged practice of engaging in nonthreatening larcenies at Rite Aid stores. Defendant should not be permitted to assert that his attorneys' performance was deficient when defendant himself possessed but withheld the information that he now claims he wanted his attorneys to investigate. In other words, it cannot have been unreasonable for defendant's trial attorneys to have failed to investigate something about which defendant admittedly knew but failed to inform his attorneys.

In any event, defendant's contention fails for the additional reason that he cannot establish that the purported failure to investigate this matter undermines confidence in the trial's outcome. It is not clear how the defense could have presented evidence of defendant's alleged practice of committing nonthreatening larcenies when Watkins was present. Defendant chose

not to testify at trial. Defendant acknowledged that he made his own free choice not to testify and that he was not bound by any advice he received from defense counsel. Moreover, Watkins was unavailable at the time of trial, and even if she could have been cross-examined on the matter at the preliminary examination, there is no basis in the record to conclude that Watkins would have testified consistently with defendant's appellate claim that he had committed prior nonthreatening larcenies at Rite Aid stores when Watkins was present. And there is certainly no basis in the record to conclude that Watkins would have stated that she fabricated her testimony because she was so tired of defendant constantly stealing from Rite Aid.

Moreover, defense counsel pursued a reasonable trial strategy of conceding that defendant stole razors from the Rite Aid store but arguing that he did not use the box cutter to threaten Watkins, such that, according to the defense theory, defendant was not guilty of armed robbery. In her closing argument, defense counsel argued that Watkins's behavior as shown on the surveillance video and as reflected in her own testimony was not that of someone who felt threatened or fearful, given that she attempted to push the razor packages away from defendant and walked with him to the door as he was leaving. Although the strategy ultimately failed, this does not establish that counsel was ineffective. *Stewart*, 219 Mich App at 42. This strategy had the advantage of not presenting at trial evidence that defendant was an admitted habitual larcenist, which could have potentially exposed him to further criminal liability and undermined his credibility. And if defendant had argued at trial that he had a policy of being nonthreatening when committing larcenies of convenience stores, the prosecutor could have presented evidence to rebut this claim, given that the parole violation report indicates that defendant engaged in assaultive conduct when attempting to commit a similar larceny at a CVS store on November 20, 2016. Therefore, defendant's ineffective assistance claim fails because it cannot be concluded that the purported failure to investigate this matter undermines confidence in the trial's outcome.

Defendant's motion for a new trial was premised on his claim of ineffective assistance of counsel. Because defendant's ineffective assistance argument is unavailing, the trial court properly denied defendant's motion for a new trial premised on the ineffective assistance claim.

## B. SCORING OV 13

Defendant next argues that the trial court erred in assessing 25 points for offense variable (OV) 13. We disagree.

Our Supreme Court has articulated the standard of review for this issue as follows:

Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (citation omitted).]

OV 13 addresses a continuing pattern of criminal behavior. MCL 777.43(1); *People v Gibbs*, 299 Mich App 473, 487; 830 NW2d 821 (2013). An assessment of 25 points is required when "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more

crimes against a person." MCL 777.43(1)(c). In determining the proper assessment of points under OV 13, "all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a); *People v Francisco*, 474 Mich 82, 85; 711 NW2d 44 (2006).

The rules of evidence, other than those with respect to privileges, do not apply at sentencing. MRE 1101(b)(3). "Thus, when considering a defendant's sentence, a trial court may properly rely on information that would otherwise not be admissible under the rules of evidence." *People v Uphaus*, 278 Mich App 174, 184; 748 NW2d 899 (2008). Therefore, in calculating the sentencing guidelines, the trial court may consider, among other record evidence, the contents of a presentence investigation report. *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015).

Defendant does not dispute the existence of two crimes against a person within a five-year period, i.e., the armed robbery of which he was convicted in this case and an unarmed robbery that resulted in his 2013 conviction. But defendant contends that there is no evidence that he committed a third crime against a person in this five-year period. We disagree.

At sentencing, the prosecutor noted that a parole violation report reflected that defendant engaged in uncharged conduct that included stealing items from his mother and "other offenses as well." The trial court agreed and assessed 25 points for OV 13. Later, in denying defendant's motion requesting resentencing, the trial court explained that the parole violation report indicated that defendant engaged in assaultive conduct on November 20, 2016. In particular, the parole violation report stated that, on November 20, 2016, defendant entered a CVS store and started taking batteries from a shelf and putting them in his pants. He also grabbed several bottles of Dove soap. A CVS employee named Michaiah Moon "filmed the incident. When [defendant] saw her [defendant] grabbed her hand and attempted to take her phone." Moon pushed defendant, who then ran out of the store. The value of the items stolen was approximately $200.

The trial court did not err in relying on information contained in the parole violation report given that the rules of evidence did not apply and the parole violation report was akin to a presentence investigation report. Further, defendant's conduct during the November 20, 2016 incident, including grabbing the hand of a CVS employee and attempting to take her cellular telephone while defendant was attempting to steal items from the store, satisfies the elements of assault with intent to commit unarmed robbery[2] and attempted larceny from the person,[3] both of

---

[2] The elements of assault with intent to commit unarmed robbery are "(1) an assault with force and violence, (2) an intent to rob and steal, and (3) defendant being unarmed." *People v Reeves*, 458 Mich 236, 242; 580 NW2d 433 (1998) (citation omitted); MCL 777.16d.

[3] The elements of attempted larceny from the person involve the attempted "taking and carrying away of the property of another done with felonious intent and without the owner's consent." MCL 750.357; *People v Malach*, 202 Mich App 266, 270; 507 NW2d 834 (1993).

which are crimes against a person.[4] The trial court did not clearly err in finding by a preponderance of the evidence that defendant committed three or more crimes against a person within a five-year period. Therefore, the assessment of 25 points for OV 13 was not erroneous.

## C. REASONABLENESS OF SENTENCE

Defendant next contends that his 15-year minimum sentence is unreasonable and disproportionate because he allegedly suffers from mental illness. Defendant's argument fails.

"This Court reviews the proportionality of a trial court's sentence for an abuse of discretion. A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Foster*, 319 Mich App 365, 375; 901 NW2d 127 (2017) (citation omitted).

It is undisputed that defendant's 15-year minimum sentence falls within the guidelines range of 126 to 262 months. MCL 769.34(10) provides, in relevant part, "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." This Court held in *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016), that our Supreme Court's decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), "did not alter or diminish MCL 769.34(10)[.]"[5]

Moreover, this Court has rejected efforts to challenge the proportionality of sentences that fall within the applicable guidelines range. In *People v Anderson*, 322 Mich App 622, 635; 912 NW2d 607 (2018), the defendant argued that his sentences were unreasonably excessive. In rejecting the defendant's argument, this Court stated:

> According to *People v Lockridge*, this Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines. Because the trial court sentenced [the defendant] within the applicable sentencing guidelines range, this Court need not evaluate [the defendant's] sentences for reasonableness and must affirm his sentences unless there was an error in the scoring or the trial court relied on inaccurate information. [*Id*. at 636.]

---

[4] See MCL 777.16d; MCL 777.16r.

[5] In *People v Ames*, 501 Mich 1026 (2018), our Supreme Court directed oral argument on the application for leave to appeal in that case to consider whether MCL 769.34(10) has been rendered invalid by *Lockridge*. After hearing oral argument in *Ames*, our Supreme Court denied leave to appeal in that case. *People v Ames*, 929 NW2d 283 (Mich, 2019).

Given that the defendant in *Anderson* did not demonstrate any error in the calculation of the guidelines range or that the sentence was based on inaccurate information, the defendant was not entitled to resentencing. *Id*. at 637.

Because defendant's 15-year minimum sentence falls within the applicable guidelines range of 126 to 262 months, the sentence must be affirmed unless the trial court erred in scoring the guidelines or the court relied on inaccurate information in determining defendant's sentence. MCL 769.34(10); *Schrauben*, 314 Mich App at 196. As discussed earlier, defendant's challenge to the assessment of 25 points for OV 13 is without merit. Defendant has not established that the trial court erred in scoring the guidelines, and there is no indication that the trial court relied on any inaccurate information in determining defendant's sentence.

Accordingly, this Court is required to affirm defendant's sentence because his minimum sentence falls within the applicable guidelines range and defendant has not identified a scoring error or inaccurate information on which the trial court relied. MCL 769.34(10); *Schrauben*, 314 Mich App at 196. And because defendant's minimum sentence falls within the guidelines range, it is not appropriate for this Court to review defendant's sentence for reasonableness. *Anderson*, 322 Mich App at 636.

But even if this Court were to review defendant's sentence for reasonableness, defendant's argument lacks merit. Because defendant's sentence is within the guidelines range, "it is presumptively neither severe nor unfairly disparate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000) (quotation marks and citation omitted). "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *Id*. Defendant has identified no unusual circumstances that would render his presumptively proportionate sentence disproportionate.

In challenging the proportionality of his sentence, defendant relies on his purported mental illness. But the March 20, 2017 competency report indicates that defendant has at times appeared to have either faked or exaggerated his mental illness. A psychiatrist has described defendant as, among other things, "manipulative." According to a psychologist, defendant claimed that he was hearing voices "all the time," but he showed "no current evidence of psychosis." The psychologist determined that defendant's reported symptoms were "suspect for secondary gain." It was noted in the report that defendant had a history of providing inconsistent information to mental health professionals. It was further observed that defendant "was in prison for four years without psychiatric medication and was not found to exhibit genuine symptoms of a psychiatric illness." While in jail, defendant was sent to the mental health housing unit "several times for various reasons, but each time was returned to the general population by the mental health staff who indicated he did not exhibit symptoms of psychosis or major mood impairment." According to the psychologist authoring the report, defendant "demonstrated [that] he could communicate effectively when he chose to do so." The psychologist noted that defendant "claimed not to know things about his legal case, but then discussed information in such a way that demonstrated he did know and understand this information." The psychologist opined that defendant "did not exhibit genuine psychological problems that were interfering with his competency-related abilities."

In addition, as the trial court noted at sentencing, defendant has engaged in a pattern of escalating criminal conduct. In 2013, defendant was convicted of unarmed robbery. Defendant was released on parole in April 2016. By September 2016, defendant was again stealing items, this time engaging in armed robbery by threatening Watkins with a box cutter. Defendant also engaged in assaultive conduct during a similar larceny in November 2016. The trial court reasonably concluded that defendant's escalating criminal behavior posed a hazard both to himself and to the community. Overall, defendant has failed to demonstrate any unusual circumstances that would render his presumptively proportionate sentence disproportionate.

## D. SIXTH AMENDMENT VIOLATION

Defendant's final argument on appeal is that the trial court erred under the rules of evidence and violated defendant's Sixth Amendment right of confrontation by ruling that Watkins was unavailable for trial and in admitting Watkins's preliminary examination testimony at trial. We disagree.

As an initial matter, we conclude that defendant has waived the issue of whether the prosecution presented sufficient evidence of Watkins's unavailability for trial by conceding at trial that she was unavailable. See *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (noting that "waiver" is "the intentional relinquishment or abandonment of a known right[]" and that "[o]ne who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error[]") (quotation marks and citations omitted). Even if he had not waived the issue, he would not be entitled to relief because "[a] party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court." *People v Siterlet*, 299 Mich App 180, 191; 829 NW2d 285 (2012) (quotation marks and citation omitted), judgment affirmed in part, vacated in part on other grounds *People v Siterlet*, 495 Mich 919 (2013). At trial, defense counsel conceded that Watkins was unavailable on the date of trial but argued that she was "not indefinitely unavailable. We know her whereabouts." It appears from this comment that that defense counsel was in effect asking for a continuance (albeit not by name). However, because defense counsel conceded that Watkins was unavailable at that time, defendant is precluded from seeking relief on appeal premised on the contrary position that Watkins was not unavailable at the time of trial.[6]

Defendant also argues that, even if Watkins was unavailable, the trial court erred in admitting her preliminary examination testimony under MRE 804(b)(1) because the defense attorney who conducted the preliminary examination was not the same defense attorney who

---

[6] Defendant makes no argument on appeal that a continuance or adjournment should have been granted. To the extent defense counsel was arguing below that *indefinite* unavailability must be shown in order for a witness to be deemed "unavailable" under MRE 804(a)(4), defense counsel's argument lacked merit. MRE 804(a)(4) does not require *indefinite* unavailability or that the physical or mental illness or infirmity be permanent or longstanding. The only relevant reference point for determining physical or mental illness or infirmity is the point when the witness would be called to testify. See *People v Duncan*, 494 Mich 713, 726; 835 NW2d 399 (2013).

represented defendant at trial. Defendant concedes that he had an opportunity to cross-examine Watkins at the preliminary examination, but contends that he did not have a similar motive because the issues at the preliminary examination differed from those at trial. We disagree. The admissibility of the prior testimony of a witness "is within the proper exercise of discretion by the trial court[,]" and this Court will not reverse the trial court's decision absent an abuse of discretion. *People v Morris*, 139 Mich App 550, 555; 362 NW2d 830 (1984). A trial court has not abused its discretion if its decision results in an outcome within the range of reasoned and principled outcomes. *People v Duncan*, 494 Mich 713, 723; 835 NW2d 399 (2013).

Michigan's rules of evidence provide in relevant part that if a witness is unavailable, testimony given by the witness at another hearing is admissible "if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." MRE 804(b)(1). "Whether a party had a similar motive to develop the testimony depends on the similarity of the issues for which the testimony was presented at each proceeding." *People v Farquharson*, 274 Mich App 268, 275; 731 NW2d 797 (2007).

The record demonstrates that Watkins's preliminary examination testimony was relevant to the issue presented at trial: whether defendant made Watkins feel threatened while using a box cutter to steal razors from a Rite Aid. The primary purpose of a preliminary examination is to determine whether there is probable cause to believe that a crime has been committed and whether there is probable cause to believe that the accused committed it. MCR 6.110(E); see *People v Hill*, 433 Mich 464, 469; 446 NW2d 140 (1989). The purpose of the trial was to determine whether defendant was guilty or innocent of the crime associated with the actions Watkins described. See *People v Barbara*, 400 Mich 352, 411; 255 NW2d 171 (1977) ("The purpose of a trial is to determine the guilt or innocence of the defendant."). In both instances, Watkins's testimony was used to establish the occurrence of a crime; thus, in both instances, defendant had a similar motive to discredit her testimony. *Farquharson*, 274 Mich App at 275.

Additionally, defense counsel actually cross-examined Watkins at the preliminary examination. The essence of defendant's argument is that he, through counsel, did not cross-examine Watkins on the right issues. Whereas his focus at the preliminary examination was on discrediting Watkins's identification of him, his focus at trial was on discrediting her claim that he threatened her with a box cutter. However, Watkins testified at the preliminary examination that defendant made her feel threatened; this was not new information at the time of trial. Defendant's decision not to probe her testimony regarding feeling threatened and to change emphasis for purposes of the trial does not negate the fact that he had an opportunity to submit all of Watkins's preliminary examination testimony, including her testimony that she felt threatened when defendant turned to her with a box cutter, to a thorough cross-examination. Defendant notes that a preliminary examination differs from a trial in various respects, but that is true in every case, and this Court has upheld the admission of preliminary examination testimony at trial when a witness was unavailable at trial and ample opportunity for cross-examination was afforded at the preliminary examination. See *People v Wood*, 307 Mich App 485, 518; 862 NW2d 7 (2014), vacated in part on other grounds 498 Mich 914 (2015).

In sum, Watkins was unavailable at trial, defendant had ample opportunity and a similar motive to cross-examine Watkins at the preliminary examination, and defendant's attorney at the

preliminary examination actually cross-examined Watkins. Thus, the trial court did not err by admitting Watkins's preliminary examination testimony pursuant to MRE 804(b)(1), and defendant was not denied his right of confrontation. *Wood*, 307 Mich App at 518.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Jane M. Beckering
/s/ Michael F. Gadola